# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>vs.<br>**GWEI WAY KIAT, SHOO MEIL GWEI, AND YILUN THAI,**<br>Defendants**.** | CASE NO. 93-cr-00408<br><br>**ORDER GRANTING REQUEST FOR NAME CHANGE ON RESTITUTION PAYMENT**<br><br>Re: Dkt. No. 206 |

The instant matter came to the undersigned as a general duty matter.

In 2003, the district court sentenced the three defendants and entered a judgment under the Mandatory Victims Restitution Act of 1996 ("MVRA") ordering payment of restitution to Joe Yuey in the amount of $304,334. (Dkt. No. 164 ("Judgment").) *See* 18 U.S.C. §§ 3663A(a)(1). To date, payments to Mr. Yuey have totaled $10,039.19. (Payment Records of Clerk's Office's Finance Unit.) A balance of $294,294.81 remains. Mr. Yuey died on December 12, 2005. (Dkt. No. 206, ("Request").) Now, Ann Yuey, wife of deceased victim Joe Yuey, requests that the Court redirect restitution payments so that she may receive them in her name. (Request.)

A district court may redirect restitution payments where it "makes practical sense" to do so and when such redirection is "within the confines of the MVRA." *United States v. Hankins*, 858 F.3d 1273, 1278 (9th Cir. 2017) (holding that a district court may redirect restitution payments when victim). Under the MVRA, a district court, when sentencing a defendant convicted of a qualifying offense, "shall order . . . that the defendant make restitution to the victim of the offense or, if the victim is deceased, *to the victim's estate*." 18 U.S.C. § 3663A(a)(1) (emphasis supplied). Additionally, although an order imposing restitution under the MVRA is a final judgment, *id.* § 3664(o), there are some circumstances under which a district court may alter a final restitution

order, *see*, *e.g.*, *id.* § 3664(j)(2), (o)(1)-(2). *See also Hankins*, 858 F.3d at 1276.

The principles of the MVRA include "the mandatory nature of restitution, the fact that the payment obligation is not contingent on the victim, and the purpose of restitution." *Id.* at 1278. The MVRA is clear that restitution must be paid until terminated and the obligation "does not ebb and flow with the victim's circumstances." *Id.* (citing 18 U.S.C. § 3613(b)). Additionally, the purpose of restitution is two-fold—compensation and punishment. *See* S. Rep. No. 104-179, at 12 (1995) (describing the statute's dual goals as "ensur[ing] that . . . victims . . . receive the restitution that they are due" and that "the offender . . . pays the debt owed to the victim as well as to society."); *see also United States v. Rich*, 603 F.3d 722, 729 (9th Cir. 2010) ("[W]e have repeatedly held that restitution payments have both compensatory and penal purposes.") Here, redistribution of restitution to the deceased victim's wife would serve, and is supported by, all three principles of the MVRA.

Accordingly, the Court **GRANTS** Mrs. Yuey's request to redirect restitution payments so that she may receive them in her name. Based on the death certificate filed on the Docket at No. 206 and for good cause shown, the Court **ORDERS** that the Clerk's Office's Finance Unit make all payments remaining due to victim Joe Yuey payable to his widow Ann Yuey.

**IT IS SO ORDERED.**

Dated: June 15, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: USDC Financial Office/SF and to Ann Yuey

2